# United States District Court
### Eastern District of Virginia
### Norfolk, Virginia 23510

Chambers of
Rebecca Beach Smith
Senior United States District Judge

February 16, 2024

James L. Chapman, IV
Crenshaw, Ware & Martin, PLC
150 West Main Street, Suite 1500
Norfolk, Virginia 23510

    Re:   Recovery Limited Partnership
           v. Unidentified, Wrecked and Abandoned Sailing Vessel,
           etc.
           Civil Case No. 2:87cv363

Dear Mr. Chapman:

    The court has reviewed the exhibit filed under seal, ECF No. 308, containing, *inter alia*, the Declaration of Craig T. Mullen and the agreement and plan furnished by Eclipse Group, Inc. ("Eclipse Group"). The sealed exhibit describes Recovery Limited Partnership's ("RLP") proposal to conduct a salvage operation at the S.S. Central America wreck site in 2024. The court finds that the sealed exhibit provides sufficient detail to evaluate the proposed salvage plan, and the court is satisfied that Eclipse Group is capable of performing such a salvage operation.

    As you know, any salvage of the S.S. Central America wreck requires prior approval by this court. See ECF No. 276. While the court is generally inclined to approve the proposed salvage plan, two issues with the plan present cause for concern. First, certain portions of the proposed salvage plan seem to pose significant risk of altering or destroying parts of the S.S. Central America wreck. Second, certain portions of the agreement with Eclipse Group, namely, the potential recovery and cost arrangement, seem to anticipate quickly reducing any recovery from the salvage to a monetary sum. Neither of these issues would cause the court to withhold approval of the 2024 salvage plan per se, but they must be addressed before the court can grant approval.

James L. Chapman, IV
February 16, 2024
Page 2

The court finds it necessary to remind RLP and its chosen salvor, Eclipse Group, of RLP's status as salvor-in-possession and the process for obtaining a salvage award. RLP's status as exclusive salvor-in-possession does not grant it title to the wreck or any items recovered at the wreck site. Recovery Ltd. P'Ship v. Wrecked & Abandoned Vessel, 120 F. Supp. 3d 500, 507-08 (E.D. Va. 2015). Instead, the court assumes that such property is owned by another, and RLP has the right to salvage the wreck on behalf of the property's owner. See Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 974 F.2d 450, 460-61 (4th Cir. 1992). While RLP does not have automatic title to any recovered property, it has a lien in the property that is exclusive and prior to all others. See Recovery Ltd. P'Ship v. Wrecked and Abandoned Vessel, 204 F. Supp. 3d 864, 869 (E.D. Va. 2016).

While RLP may move for a salvage award in this court following the salvage operation, it must prove it is entitled to such an award. See id. (citing The Sabine, 101 U.S. 384, 384 (1879)). The court will then determine the amount of the salvage award by considering the six Blackwall factors and a seventh factor that the Fourth Circuit has added for historic wrecks, and specifically the S.S. Central America, measuring "the degree to which the salvors have worked to protect the historical and archaeological value of the wreck and the items salved." Id. (citing The Blackwall, 77 U.S. (10 Wall) 1, 13-14 (1869) and Columbus-Am. Discovery Grp., 974 F.2d at 468). The amount of the salvage award is an exercise of the court's judgment, id., and may be up to the full market value of the items recovered, see id. at 878.

The court must be sure that both RLP and Eclipse Group understand RLP's legal rights and the process for obtaining a salvage award before it can grant approval of the 2024 salvage plan. Accordingly, within fourteen (14) days of the date of this letter, the court requests that you file declarations from representatives of both RLP and Eclipse Group affirming that: (1) RLP is the salvor-in-possession of the S.S. Central America wreck; (2) RLP does not have title to the property at the wreck site; (3) any salvage award RLP seeks for property recovered from the wreck site is subject to approval by this court; and (4) any potential salvage award will be conditioned on the salvors' reasonable archeological and historical preservation efforts of the wreck and

James L. Chapman, IV
February 16, 2024
Page 3


items salved.  In addition to the declarations, please file a memorandum elaborating on the reasonable archeological and historical preservation efforts the salvors will make during the 2024 salvage.  If necessary, you may file said memorandum under seal pursuant to Local Civil Rule 5 of this court.  Finally, the court may schedule a hearing on the 2024 salvage plan, if further information is required.

        Very truly yours,

        *Rebecca Beach Smith*

        Rebecca Beach Smith

RBS/jrh

cc: Brett A. Spain
   Wilcox & Savage, P.C.
   440 Monticello Avenue, Suite 2200
   Norfolk, Virginia 23510