# United States District Court
### Eastern District of Virginia
### Norfolk, Virginia 23510

Chambers of
Rebecca Beach Smith
Senior United States District Judge

September 23, 2025

James L. Chapman, IV
Crenshaw, Ware & Martin, PLC
150 West Main Street, Suite 1923
Norfolk, Virginia 23510

>   Re:  Recovery Limited Partnership v.
>        Unidentified, Wrecked and Abandoned Sailing Vessel, etc.
>        Civil Case No. 2:87-cv-363

Dear Mr. Chapman:

The court has reviewed the exhibits filed under seal containing, <u>inter alia</u>, the Declaration of Craig T. Mullen, the Declaration of John B. Pidcock, and the agreement and plan furnished by Mobile Marine International, Inc. ("MMI"). The sealed exhibits describe Recovery Limited Partnership's ("RLP") proposal to conduct a salvage operation at the <u>S.S. Central America</u> wreck site in 2026. The court finds that the sealed exhibits provide sufficient detail to evaluate the proposed salvage plan, and the court is satisfied that MMI is capable of performing such a salvage operation.

As you know, any salvage of the <u>S.S. Central America</u> wreck requires prior approval by this court. <u>See</u> ECF No. 276 at 2. While the court is generally inclined to approve the proposed salvage plan, three (3) issues with the plan present cause for concern. First, certain portions of the proposed salvage plan seem to pose significant risk of altering or destroying parts of the <u>S.S. Central America</u> wreck. Second, certain portions of the agreement with MMI, namely, the monetization, expenses, and compensation arrangement, seem to anticipate quickly reducing any recovery from the salvage to a monetary sum. Third, the agreement with MMI calls for the transfer of items recovered during salvage operations to "a secure third-party facility mutually agreed upon by the Parties" instead of to the United States Marshal Service or an appointed substitute custodian. None of these issues would cause the court to withhold approval of the 2026 salvage plan per se, but they must be addressed before the court can grant final approval.

James L. Chapman, IV
September 23, 2025
Page 2

The court finds it necessary to remind RLP and its chosen salvor, MMI, of RLP's status as salvor-in-possession and the process for obtaining a salvage award. RLP's status as exclusive salvor-in-possession does not grant it title to the S.S. Central America wreck or any items recovered at the wreck site. Recovery Ltd. P'ship v. Wrecked & Abandoned Vessel, 120 F. Supp. 3d 500, 507-08 (E.D. Va. 2015). Instead, the court assumes that such property is owned by another, and RLP has the right to salvage the wreck on behalf of the property's owner. See Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 974 F.2d 450, 460-61 (4th Cir. 1992). Though RLP does not have automatic title to any recovered property, it has a lien in the property that is exclusive and prior to all others. See Recovery Ltd. P'ship v. Wrecked and Abandoned Vessel, 204 F. Supp. 3d 864, 869 (E.D. Va. 2016).

While RLP may move for a salvage award in this court following the salvage operation, it must prove it is entitled to such an award. See id. (citing The Sabine, 101 U.S. 384, 384 (1879)). The court will then determine the amount of the salvage award by considering the six Blackwall factors and a seventh factor that the Fourth Circuit has added for historic wrecks, and specifically for the S.S. Central America, measuring "the degree to which the salvors have worked to protect the historical and archaeological value of the wreck and the items salved." Id. (citing The Blackwall, 77 U.S. (10 Wall) 1, 13-14 (1869), and Columbus-Am. Discovery Grp., 974 F.2d at 468). The amount of the salvage award is an exercise of the court's judgment, id., and may be up to the full market value of the items recovered, see id. at 878.

Because RLP does not hold title over the S.S. Central America, the court also finds it necessary to remind RLP and MMI that any items recovered during 2026 salvage operations must be itemized and transferred to the custody of the United States Marshal Service or an appointed substitute custodian approved by the court. The court retains in rem jurisdiction over the vessel and wreck of the S.S. Central America pursuant to the Rule D Warrant of Maritime Arrest issued April 17, 2014, and executed April 18, 2014, in the consolidated case Recovery Ltd. P'ship v. Wrecked & Abandoned Vessel, No. 2:14-cv-160 (the "Consolidated Case"). See Consolidated Case ECF No. 5 (Rule D Warrant of Arrest); Consolidated Case ECF No. 8 (Process Receipt and Return); see also ECF No. 276 (Order reminding all parties of the court's continuing

in rem jurisdiction over the S.S. Central America). The court therefore has "constructive possession of the wreck itself and everything that is a part thereof, wherever located and whenever removed therefrom, past, present, or future." Consolidated Case ECF No. 4 at 2 (Order to Issue Warrant of Maritime Arrest). Accordingly, the United States Marshal must take into his possession and control "all items that have or will come up from the [S.S. Central America]." Id.; see Fed. R. Civ. P. Adm. Supp. R. E(4)(b) ("If tangible property is to be attached or arrested, the marshal . . . shall take it into the marshal's possession for safe custody.").

Although the court must retain custody of all items recovered from the S.S. Central America until the court renders a salvage award, RLP may move the court to appoint a substitute custodian in lieu of the United States Marshal Service. See R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 964 (4th Cir. 1999) ("While the res must be in custodia legis (in the court's possession), this possession may be actual or constructive."). Any motion to appoint a substitute custodian should include detailed declarations describing the facilities, capabilities, and experience of the proposed custodian. The court will consider appointing a substitute custodian, as an agent of the court, should RLP demonstrate that the substitute custodian will preserve the cultural, historic, and monetary value of the items recovered during 2026 salvage operations. See Consolidated Case ECF No. 61 (Order appointing substitute custodian for storage and preservation of artifacts recovered from S.S. Central America wreck in 2014).

Finally, the court must be sure that both RLP and MMI understand RLP's legal rights and the process for obtaining a salvage award before it can grant approval of the 2026 salvage plan. Accordingly, within twenty-one (21) days of the date of this letter, the court **DIRECTS** that RLP file declarations from representatives of both RLP and MMI affirming that: (1) RLP is the salvor-in-possession of the S.S. Central America wreck; (2) RLP does not have title to the wreck or property at the wreck site; (3) any property recovered during salvage operations at the wreck site in 2026 must be transferred to the custody of the United States Marshal Service pending appointment of a substitute custodian; (4) any salvage award RLP seeks for property recovered

James L. Chapman, IV
September 23, 2025
Page 4

from the wreck site is subject to approval by this court; and (5) any potential salvage award will be conditioned on the salvors' reasonable efforts to protect the historical and archeological value of the wreck site and the items salved.

    In addition to the declarations, please file a memorandum detailing the reasonable efforts RLP and MMI plan to undertake to preserve the historical and archaeological value of the S.S. Central America wreck and wreck site during 2026 salvage operations. If necessary, RLP may file said memorandum under seal pursuant to Local Civil Rule 5 of this court. Finally, the court may schedule a hearing on the 2026 salvage plan, if further information is required.

                              Very truly yours,

                              Rebecca Beach Smith

RBS/aln