UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RECOVERY LIMITED PARTNERSHIP,**
        **Plaintiff,**

v.                                                              Civil Action No.: 2:87-cv-00363

**UNIDENTIFIED, WRECKED AND ABANDONED**
**SAILING VESSEL, etc.,**
        **Defendant.**

## MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL

      Recovery Limited Partnership (the "Plaintiff" or "RLP"), by counsel, submits this Memorandum in Support of its Motion to Seal Exhibits 1 and 2, attached hereto. Exhibit 1 is a Memorandum elaborating on the reasonable archaeological and historical preservation efforts the salvors will make during the 2026 salvage. Exhibit 2 is a Declaration of Craig T. Mullen. The Court has directed RLP to file additional information concerning its proposed 2026 salvage operations under seal for review. *See* ECF #358.

      There are three requirements for sealing court filings: (1) public notice with opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and reject alternatives to sealing. *Flexible Benefits Council v. Feldman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). Even when no party challenges a motion to seal, the Court must still ensure the motion is supported by good cause. *Auburn Univ. v. IBM Corp.*, No. 3:0-cv-694-MEF, unpublished, 2010 WL 3927737 (M.D. Ala. Oct. 4, 2010).

      The information contained in RLP's Memorandum Responding to Letter of the Court Dated September 23, 2025 (ECF #358), and Declaration of Craig T. Mullen, contain sensitive commercial information that is confidential in nature for RLP and Mobile Marine International,

Inc. ("MMI") Specifically, it discloses proprietary information about the wreck site, and the specific plans for further exploring it, including required technical talent and equipment. Further, details regarding the salvage plan are designated confidential to protect RLP's and MMI's trade secrets and competitive advantages. Additionally, the conditions at the wreck site and plans for future salvage are highly proprietary information known only to RLP and its salvors, who are subject to non-disclosure agreements. While any intrusion by third parties at the wreck site would violate the injunction granted by this Court, sealing this information is essential to keeping it out of the hands of third parties and minimizing the risk of a violation.

RLP is contemporaneously filing with this Motion a Notice of Filing under seal which is the required public notice providing opportunity for objection. RLP submits that, given the commercial interests at stake, there is no "less drastic alternative" to the sealed filing that the Court has ordered.

Accordingly, RLP moves that this Court enter the proposed order attached to the Motion sealing Exhibits 1 and 2 to remain sealed in accordance with the terms of the proposed order.

This 14$^h$ day of October, 2025.

                                            */s/ James L. Chapman, IV*
James L. Chapman, IV, Esquire (VSB No. 21983)
K. Barrett Luxhoj, Esquire (VSB No. 86302)
CRENSHAW, WARE & MARTIN, PLC.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
*Counsel for Recovery Limited Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered filers.

                                         */s/ James L. Chapman, IV*
James L. Chapman, IV, Esquire (VSB No. 21983)
CRENSHAW, WARE & MARTIN, PLC.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
*Counsel for Recovery Limited Partnership*