UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RECOVERY LIMITED PARTNERSHIP,
   Plaintiff,

v.                  Civil Action No.: 2:87-cv-00363

UNIDENTIFIED, WRECKED AND ABANDONED
SAILING VESSEL, etc.,
   Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL

  Recovery Limited Partnership ("RLP"), by counsel, submits this Memorandum in Support of its Motion to File under Seal Exhibit 1, attached hereto. Exhibit 1 is a Confidential Status Report providing updates to the Court concerning non-public operational, scheduling, and substitute custodian matters related to the 2026 salvage operation. The Court has directed RLP to file additional information concerning its 2026 salvage operations for review. *See* ECF #366.

  There are three requirements for sealing court filings: (1) public notice with opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and reject alternatives to sealing. *Flexible Benefits Council v. Feldman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). Even when no party challenges a motion to seal, the Court must still ensure the motion is supported by good cause. *Auburn Univ. v. IBM Corp.*, No. 3:0-cv-694-MEF, unpublished, 2010 WL 3927737 (M.D. Ala. Oct. 4, 2010).

  The information contained in RLP's Confidential Status Report contains sensitive commercial information that is confidential in nature for RLP and Mobile Marine International, Inc. ("MMI"). Specifically, it discloses proprietary information about the specific plans for further exploring the wreck site, including required technical talent and equipment. Further, the details

regarding the salvage plan and operational resources are designated confidential to protect RLP's and MMI's trade secrets and competitive advantages. Additionally, the plans for future salvage are highly proprietary information known only to RLP and its salvors, who are subject to non-disclosure agreements. While any intrusion by third parties at the wreck site would violate the injunction granted by this Court, sealing this information is essential to keeping it out of the hands of third parties and minimizing the risk of a violation.

RLP is contemporaneously filing with this Motion a Notice of Filing under Seal which is the required public notice providing opportunity for objection. RLP submits that, given the commercial interests at stake, there is no "less drastic alternative" to the sealed filing that the Court has ordered.

Accordingly, RLP moves that this Court enter the proposed order attached to the Motion sealing Exhibit 1 to remain sealed in accordance with the terms of the proposed order.

This 29[h] day of January, 2026.

                                                     /s/ K. Barrett Luxhoj
James L. Chapman, IV, Esquire (VS. No. 21983)
K. Barrett Luxhoj, Esquire (VS. No. 86302)
*Counsel for Recovery Limited Partnership*
CRENSHAW, WARE & MARTIN, PLC.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of January, 2026, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all registered filers.

            /s/ K. Barrett Luxhoj
          K. Barrett Luxhoj, Esquire (VS. No. 86302)
          *Counsel for Recovery Limited Partnership*
          CRENSHAW, WARE & MARTIN, PLC.
          150 West Main Street, Suite 1923
          Norfolk, Virginia 23510
          Telephone: (757) 623-3000
          Facsimile: (757) 623-5735
          kbluxhoj@cwm-law.com